United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

06-70023

———————

CARLOS GONZALEZ MAGALLÓN, Consul General of Mexico and Next
Friend of Angel Maturino Resendiz,

Plaintiff-Appellant,

v.

BRAD LIVINGSTON, Executive Director, Texas Department of
Criminal Justice; DOUGLAS DRETKE, Director, Correctional
Institutions Division Texas Department of Criminal Justice;
CHARLES O'REILLY; UNKNOWN EXECUTIONERS,

Defendants-Appellees.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas

———————————————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Earlier this week, the Supreme Court decided that Eighth
Amendment challenges to a state's method of execution may properly
be brought under 42 U.S.C. § 1983. *See Hill v. Crosby*, __ U.S. __,
No. 05-8794, slip op. (June 12, 2006). We have such a suit before
us today. In this opinion, however, we only address narrow issues
of civil procedure. The result is that we affirm in part and
modify in part, remanding for further proceedings consistent with
this opinion.

## I. BACKGROUND

Angel Resendiz is a Mexican national who was convicted of capital murder in Texas in 1998. His execution date, originally set for March 10, 2006, was reset by the state for June 27, 2006. The nominal plaintiff in this case is Carlos Magallón, the Consul General of Mexico, suing as Resendiz's next friend.[1] The Consul General brought this lawsuit in March 2006 after Resendiz failed to appeal timely a district court's denial of his habeas corpus petition. *See generally Resendiz v. Dretke*, No. 05-70058, slip op. (5th Cir. June 9, 2006). The complaint alleged, *inter alia*, that Texas's three-drug lethal injection cocktail violates the Eighth Amendment because it subjects Resendiz to a risk of unnecessary suffering. As to the propriety of the Consul General suing as Resendiz's next friend, the complaint alleged that Resendiz was "not competent to proceed in his own behalf due to mental illness."

The state moved to dismiss, arguing that the Consul General could not properly bring this action on Resendiz's behalf. In response, Plaintiffs submitted extensive documentation in an attempt to establish Resendiz's incompetence. Considering these documents, the district court held that it had not been presented with anything suggesting that Resendiz could not pursue this action in his own capacity and noted that he was presently represented by

---

[1] We refer to the Consul General and Resendiz together simply as "Plaintiffs."

counsel in his habeas appeal. It then dismissed the suit with prejudice for want of standing. The district court, after discussing the dilatoriness doctrine, also expressed the view that, if standing were present, then a serious question about the delay in filing would be raised. However, we do not read its opinion to expressly base the dismissal on dilatoriness.

Following the district court's dismissal, Plaintiffs did not seek leave to substitute Resendiz as the proper party in the district court. They immediately appealed to this Court and sought an expedited briefing schedule, which this Court granted. Neither side has requested a stay of execution. In their briefing to us, Plaintiffs argue that the district court erred by dismissing the complaint for failing to sue in the name of the real party in interest.

## II. STANDARD OF REVIEW

A preliminary, pre-answer objection that the plaintiff is not the real party in interest is analogous to a motion under Federal Rule of Civil Procedure 12(b)(6). *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. § 1554 (2d ed. 2006). It presents legal issues that we will review *de novo*. *See Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 n.5 (9th Cir. 2004) (holding that the standing of a next friend is reviewed *de novo*); *cf. Arguello v. Conoco*, 330 F.3d 355, 361 (5th Cir. 2003) (questions of standing reviewed *de novo*).

3

Once a district court has decided that an action is not prosecuted by the real party in interest, it must then decide what remedy is appropriate. We review a court's decision to employ the sanction of dismissal for abuse of discretion. *See Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001).

## III. DISCUSSION

We consider first whether the district court correctly concluded that the Consul General could not sue as Resendiz's next friend. That question we answer in the affirmative. Turning then to the appropriate remedy, however, we hold that the court abused its discretion by not affording the Plaintiffs an opportunity to offer substitution.

### A. WHETHER THE CONSUL GENERAL CAN SUE AS NEXT FRIEND

Plaintiffs argue that the district court erred by holding that the Consul General could not sue as Resendiz's next friend. Under Federal Rule of Civil Procedure Rule 17(c), an "incompetent person who does not have a duly appointed representative may sue by a next friend." The question for us, then, is whether Resendiz qualifies as an "incompetent person" within the meaning of Rule 17.

We have held that individuals are incompetent for Rule 17 purposes if they lack "the capacity to litigate under the law of [their] domicile." *See Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990). In Texas, the standard is whether individuals, "by reason of mental or bodily infirmity, [are] incapable of

4

properly caring for their own interests in the litigation." *Lindly v. Lindly*, 102 Tex. 135, 141 (1908); *Berger v. Berger*, 578 S.W.2d 547, 549 (Tex. Civ. App.-Houston [1st Dist.], no writ). Plaintiffs argue that the district court failed to apply this Texas law and instead applied the ordinary criminal law standard for competency to stand trial. *See* 44 TEX. JUR. 3d, INCOMPETENT PERSONS § 6 ("Mental capacity is a comparative term that varies with the character of the act to which it refers."). As noted above, however, our review is *de novo*. As such, if the district court's reasoning was erroneous, we can ignore it. We apply the *Lindly* standard recited above.

In response to the state's motion to dismiss, Plaintiffs presented evidence documenting Resendiz's mental illness. According to Plaintiffs, Resendiz frequently engages in self-mutilation, including banging his head on the door until it bleeds and "cutting his face, chin, arm, head, legs, feet, neck and penis with a razor blade." He is also apparently delusional. Plaintiffs document that Resendiz believes he is a "man-Angel"—that after his execution he will "only go to sleep for three days" and that he ultimately will "awaken with a renovated body to continue to do God's work" and "to vanquish God's enemies."

Plaintiffs' allegations paint a picture of a very troubled individual. The question, however, is not whether Resendiz is mentally ill. Rather, it is whether Resendiz can care for his own

5

interests in this litigation. *Lindly*, 102 Tex. at 141. Plaintiffs' allegations do not show that Resendiz is incapable of doing so. According to Plaintiffs' own documentation, Resendiz realizes that he will be "administered . . . lethal injection." He knows that "the government will place a needle in his arm" in an attempt "to stop his heart, lungs, and brain function." He apparently remains able to consult with his attorneys with some understanding about their effort to challenge the lethal injection protocol that he knows will be administered to him. (*See* Reply Br. at 4); *see also Magallón*, at 13. In any event, Plaintiffs do not argue to the contrary. Limited as Resendiz's faculties may be, he appears to have the legal capacity to maintain this section 1983 action in his own name.

Plaintiffs argue, however, that Resendiz's capacity to consult with his attorneys is immaterial. (Plaintiff Br. 20.) We disagree. An ability to communicate with your attorneys—to tell them your interests and to give them information to help them effectuate those interests—tends to show that you have the ability to take care of yourself in litigation. The district court properly took this into account.

Plaintiffs also contend that the complaint's generalized assertion that Resendiz was incompetent should be enough to entitle him to a hearing on the issue. Such a boilerplate allegation of incompetency, however, was insufficient. *Cf. Vulcan Materials v.*

6

*City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001) ("Here, the complaint did not contain a short and plain statement of the claim, only legal conclusions of such generality as to fail to give fair notice."). This is especially true where the Plaintiffs' position on the issue was clarified by subsequent filings in response to the state's motion to dismiss. The district court properly assumed that specific statements in Plaintiffs' response were true. Since those allegations about Resendiz's mental illness, even if true, would not show his legal incapacity, the district court did not need to hold an evidentiary hearing. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

We also note that Resendiz himself is represented by counsel experienced in death penalty cases, who litigated the habeas appeal in Resendiz's own name. That reality is fundamentally at odds with Resendiz proceeding by next friend in this case. For these reasons, the court below correctly held that Resendiz could pursue this action on his own behalf and, therefore, needed no next friend.

We hasten to emphasize the limits of our holding. That Plaintiffs have not made allegations sufficient under Rule 17 to establish that Resendiz is incapable of bringing a section 1983 lawsuit does not mean, necessarily, that he is competent to be executed. Proceedings currently are pending in state court to determine whether Resendiz is competent to be executed under Texas

7

Code of Criminal Procedure Article 46.05 and *Ford v. Wainright*, 477 U.S. 399 (1986). Those proceedings present different questions of competency than those that we have addressed today. We express no opinion on them. Moreover, we need not address here whether Resendiz was competent, under any standard, prior to the filing of the instant lawsuit. All that is relevant for our purposes is that Plaintiffs did not make allegations sufficient to show that Resendiz was incompetent under Rule 17 at the time that the Consul General initiated this action.

**B.  WHETHER THE SANCTION OF DISMISSAL WAS APPROPRIATE**

Although the district court's substantive holding was correct, its remedy was not. The court dismissed with prejudice Plaintiffs' complaint after determining that the Consul General could not act as Resendiz's next friend. As Plaintiffs point out, however, Federal Rule of Civil Procedure 17 provides: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or ratification, joinder, or substitution of, the real party in interest . . . ."

In accord with advisory committee notes, our case law has put a gloss on Rule 17's unqualified language. It holds that a plaintiff must have a reasonable basis for naming the wrong party to be entitled to ratification, joinder, or substitution. *See*

8

*Wieburg*, 272 F.3d at 308 (citing *Advanced Magnetics v. Bayfront Partners*, 106 F.3d 11, 20 (2d Cir. 1997)). Here, the Consul General has indicated his belief, not wholly unfounded, that Resendiz was incompetent. That was a reasonable explanation for Plaintiffs' failure to bring suit in the correct party's name. Under the circumstances, the district court abused its discretion by ordering dismissal with prejudice before allowing a reasonable time for ratification, joinder, or substitution. The court should have utilized those less drastic alternatives to dismissal. *See id.*

## C. ALTERNATIVE GROUNDS FOR AFFIRMANCE

The state argues that we may affirm the court's dismissal on alternative grounds. First, it contends that Plaintiffs' underlying Eighth Amendment claim is frivolous. Second, the state argues that Plaintiffs delayed inequitably before bringing this suit. *See, e.g.*, *Harris v. Johnson*, 376 F.3d 414, 417 (5th Cir. 2004) (holding that prejudicial dilatoriness without reasonable explanation results in an equitable bar to method-of-execution claims). We think these questions are best handled by the court below in the first instance in the event that they arise on remand.

## IV. CONCLUSION

The district court's decision that the Consul General cannot sue as Resendiz's next friend is AFFIRMED. However, we MODIFY the judgment of dismissal to provide that this suit can continue if

9

Resendiz chooses to be substituted as the proper plaintiff.  This case is REMANDED accordingly.