# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-30041
Conference Calendar

JOSE CRISTOBAL CARDONA

Plaintiff-Appellant

v.

R TUITE

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1171

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Cristobal Cardona, federal prisoner # 40869-080, appeals from the dismissal of his Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). Cardona argues that the district court erred by dismissing his action because he had a right to inform Officer R. Tuite that Officer Tuite's order that Cardona wear his cap with the bill facing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frontwards was illegal and because he did not disobey the order but rather removed his cap altogether. Cardona argues that his disciplinary conviction for failure to obey an order came about as retaliation because he told Officer Tuite that he was unaware of any directive requiring him to wear his cap in a particular manner. Cardona further contends that the district court erred by dismissing his complaint without giving him an opportunity to amend it.

Cardona could have utilized the internal grievance procedure to protest Officer Tuite's order. See 28 C.F.R. §§ 542.10-542.19. Cardona has not shown that any "retaliation" was in response to his exercise of a First Amendment right. See Freeman v. Tex. Dep't of Crim. Justice, 369 F.3d 854, 864 (5th Cir. 2004). Nor has he alleged a chronology of events from which this court plausibly could infer a retaliatory motive. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). Cardona does not state on appeal what additional facts he would have included in an amended complaint. Therefore, he has not shown that the district court abused its discretion in dismissing his complaint without giving him an opportunity to amend. See Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Cardona's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

The district court's dismissal of Cardona's action and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). The district court's dismissal and this court's dismissal of the appeal in Cardona v. Menifee, No. 07-30483 (5th Cir. Dec. 10, 2007) (unpublished), also count as two strikes under § 1915(g). Id. As Cardona has now accumulated at least three strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.