**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2009

Charles R. Fulbruge III
Clerk

No. 09-40343

In the Matter of: ISBELL RECORDS, INC.,

Debtor

---

ALVERTIS ISBELL, doing business as Alvert Music,

Plaintiff–Appellant,

v.

DM RECORDS INC,

Defendant–Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas

---

Before HIGGINBOTHAM and STEWART, Circuit Judges, and ENGELHARDT, District Judge.[*]

ENGELHARDT, District Judge:

Alvert Music appeals the district court's dismissal of its complaint for copyright infringement against DM Records, Inc. (DM Records). The district court held that Alvert Music lacked standing and found that allowing Bridgeport

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

Music, Inc. (Bridgeport) to join the action would not be justified. Because we hold that Alvert Music had standing to sue, we reverse the dismissal and remand for further proceedings.

# I

Alvert Music is a publishing company that owns musical compositions. In 1997, Bellmark Records (Bellmark), a related company that owned certain sound recordings, filed bankruptcy. DM Records purchased the assets of Bellmark, including two sound recordings, "Dazzey Duks" and "Whoomp! (There It Is)." Alvert Music and DM Records dispute whether the assets purchased by DM Records included the composition copyrights to the two songs.

In 2002, Alvert Music brought this action in the United States District Court for the Northern District of Texas, seeking a declaratory judgment that it is the rightful owner of the relevant musical compositions and alleging that DM Records had infringed its copyright. The Northern District Court transferred venue to the Eastern District of Texas. The Eastern District Court referred the matter to the United States Bankruptcy Court for the Eastern District of Texas. The Bankruptcy Court recommended that the Eastern District Court withdraw its referral. The Eastern District Court agreed and withdrew the referral. Finally, Alvert Music's complaint was filed in the Eastern District Court in 2008.

In the meantime, due to financial constraints, Alvert Music had transferred a partial interest in the copyrights to Bridgeport. In 2004, Alvert Music executed a Short Form Copyright Assignment (Assignment), which provided:

> In consideration of the sum of One Dollar ($1.00) and other good, valuable, and adequate consideration, the receipt and sufficiency of which is acknowledged, the undersigned does hereby sell, assign, transfer, and set over to Bridgeport Music, Inc., its respective

successors and assigns, fifty percent (50%) of his interest now owned or subsequently procured in the universe-wide copyright in and to the following musical composition(s) set forth in Exhibit A attached hereto, and all of the universe-wide right, title, and interest of the undersigned, vested or contingent, therein and thereto, including all claims for infringement of the copyrights whether now or hereafter existing, for the maximum terms of copyright, including any extensions and/or renewals thereto, throughout the universe.

In its answer filed in 2008, DM Records asserted that Alvert Music did not own or hold valid rights to the copyright infringement claims because the Assignment transferred those rights to a third party. DM Records subsequently filed a motion to dismiss on these grounds, and the district court granted the motion. This appeal followed.

## II

We review a district court's determination of whether a contract is ambiguous and its interpretation of the contract de novo.[1] Similarly, the question of whether a plaintiff is the real party in interest presents legal issues that the court reviews de novo.[2]

## III

When construing a contract, the court's goal is to give effect to the intentions of the parties.[3] A contract is ambiguous if its meaning is susceptible to multiple interpretations.[4] When a contract is unambiguous, its terms will be

---

[1] *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 821 (5th Cir. 2003).

[2] *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006).

[3] *Reliant*, 349 F.3d at 822.

[4] *Id.* at 821-22.

given their plain meaning and will be enforced as written.[5] "[A] contract should be interpreted as to give meaning to all of its terms—presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous."[6]

Both Alvert Music and DM Records argue that the Assignment is unambiguous in their respective favors. Alvert Music asserts that the Assignment did not divest it of all rights to pursue a cause of action for copyright infringement. According to Alvert Music, the parties to the Assignment intended to transfer to Bridgeport a 50% ownership share in the musical compositions, with Alvert Music retaining half of its original ownership share. This ownership share included the right to pursue copyright infringement claims. DM Records, on the other hand, asserts that the Assignment transferred to Bridgeport the sole right to prosecute copyright infringement claims related to the musical compositions. Therefore, according to DM Records, Alvert Music is not the real party in interest in the suit, and its claims must be dismissed for lack of standing.

This court must determine, then, whether the Assignment transferred to Bridgeport all of Alvert Music's right to pursue copyright infringement claims related to the musical compositions. The Assignment contains two essential clauses. The first states that Alvert Music assigned to Bridgeport "fifty percent (50%) of [its] interest now owned or subsequently procured in the universe-wide copyright in and to the . . . musical composition." The second states that Alvert Music assigned to Bridgeport "all of the universe-wide right, title, and interest of the undersigned, vested or contingent, therein and thereto, including all claims for infringement of the copyrights whether now or hereafter existing, for

---

[5] *Id.* at 822.

[6] *Transitional Learning Cmty. at Galveston, Inc. v. U.S. Office of Pers. Mgmt.*, 220 F.3d 427, 431 (5th Cir. 2000).

the maximum terms of copyright." DM Music and the district court, focusing on the phrase "all claims for infringement of the copyrights," conclude that the plain language of the contract deprives Alvert Music of any right to pursue copyright infringement claims related to the musical compositions. This interpretation, however, ignores the language of the clause as a whole and renders the contract contradictory. If the second clause is read to mean that Alvert Music assigned all of its rights to pursue copyright infringement claims related to the compositions, then it would also necessarily mean that Alvert Music had assigned all of its interest in the compositions, given that the second clause also stated that Alvert Music assigned "all of [its] interest" in the compositions. This result would contradict the clear language of the first clause, which states that Alvert Music assigned only 50% of its interest in the musical compositions.

Viewing the contract as a whole and giving meaning to all its terms, we find that the Assignment did not deprive Alvert Music of its right to pursue the copyright infringement claims at issue in this case. The proper reading of the two clauses is that the second clause operates as a clarification of the 50% interest assigned in the first clause. Thus, the second clause clarifies that the 50% share is a full share, rather than an income, participation, royalty, or some other limited share in the copyright.

Because the Assignment did not deprive Alvert Music of its right to pursue copyright infringement claims, the district court erred when it held that Alvert Music lacked standing to pursue its claims against DM Records. Alvert Music was a real party in interest in the suit, and we therefore need not address whether the district court should have allowed Alvert Music to add Bridgeport as a party.

*       *       *

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.