**Jose Cristobal CARDONA,**
**Petitioner–Appellant,**

v.

**Brat BEEMAN, Warden, Respondent–**
**Appellee.**

No. 09–50999
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 18, 2010.

Jose Cristobal Cardona, Waco, TX, pro se.

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

Jose Cristobal Cardona, federal prisoner # 40869–080, moves for leave to proceed in

---

4. *See, e.g., Gomez–Herrera,* 523 F.3d at 565–66 (5th Cir.2008).

5. *See United States v. Duarte,* 569 F.3d 528, 529–31 & n. 11 (5th Cir.2009).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

forma pauperis (IFP) on appeal from the district court's order denying him habeas corpus relief pursuant to 28 U.S.C. § 2241. Cardona's IFP motion is denied.

Cardona was convicted of possession with intent to distribute marijuana and cocaine and conspiracy to possess with intent to distribute both drugs. He was sentenced to 480 months of imprisonment. His conviction and sentence were affirmed, *United States v. Whittington,* 269 Fed. Appx. 388, 411 (5th Cir.2008), and the Supreme Court denied certiorari. *Cardona v. United States,* — U.S. —, 128 S.Ct. 2523, 171 L.Ed.2d 803 (2008); *Cardona v. United States,* — U.S. —, 129 S.Ct. 151, 172 L.Ed.2d 112 (2008).

The appellant sought relief pursuant to 28 U.S.C. § 2255, contending, inter alia, that this court deprived him of due process on direct appeal and applied an incorrect standard of review to one of his appellate claims. The district court determined that his claims as to our opinion were beyond the scope of § 2255 and that it lacked jurisdiction to review our opinion, whether pursuant to § 2255 or otherwise. The district court denied relief as to Cardona's claims challenging our opinion, but granted him relief in the form of a new sentencing hearing on an unrelated ground.

After the district court denied § 2255 relief as to most of Cardona's claims, but before it resentenced him to the same 480–month term of imprisonment, he petitioned for habeas corpus relief pursuant § 2241. Cardona challenged our opinion on direct appeal on numerous grounds and contended that § 2255 was an inadequate vehicle for his claims. The district court concluded that he failed to demonstrate that § 2255 was inadequate so as to allow him to pursue § 2241 relief. The district court

iterated its determination that it lacked authority to review the opinions of this court. The district court certified that Cardona's appeal was taken in bad faith and denied him leave to proceed IFP on appeal.

The appellant moves for leave to proceed IFP on appeal. Cardona argues that he should be allowed to pursue relief pursuant to § 2241 because (1) a grant of certiorari is discretionary, rendering it inadequate as a vehicle for relief, (2) § 2255 is an inadequate vehicle to challenge an appellate decision because that statute addresses violations that occur at trial and sentencing, and (3) because this court issued "an unpublished fraudulent opinion" in his case that he should be allowed to challenge.

When a district court certifies that an appeal is frivolous and is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R.APP. P. 24(a)(3), an appellant may either pay the filing fee or challenge the district court's certification decision by filing a motion for leave to proceed IFP in this court. *Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). This court's inquiry into the litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (citation omitted). If the court upholds the district court's certification that the appeal is not taken in good faith and the litigant persists in the appeal, he must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *Baugh,* 117 F.3d at 202. Alternatively, this court may dismiss the appeal sua sponte under 5TH CIR. R. 42.2 if it is frivolous. *Id.* at 202 n. 24.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

R. 47.5.4.

We review de novo the district court's determinations as to jurisdiction. *Zolicoffer v. U.S. Dep't of Justice,* 315 F.3d 538, 540 (5th Cir.2003). The relevant statutes provide that the final rulings of district courts are reviewable by the Courts of Appeals. 28 U.S.C. § 1291. Decisions of the Courts of Appeals, in turn, are reviewable by the Supreme Court. 28 U.S.C. § 1254(1). Cardona sought certiorari from the Supreme Court and was unsuccessful. *Cardona,* 128 S.Ct. at 2523; *Cardona,* 129 S.Ct. at 151. He thus exhausted the process for challenging our opinion on direct appeal.

District courts lack habeas jurisdiction to review the decisions of appellate courts; instead, the habeas determinations of district courts are reviewable by the Courts of Appeals. 28 U.S.C. § 2253(a). The district court in Cardona's case lacked jurisdiction to review the opinion rendered by this court on direct appeal.

Cardona's appeal is without arguable merit and is frivolous. *See Howard,* 707 F.2d at 220 (5th Cir.1983). His IFP motion is denied and the appeal is dismissed. *See* 5TH CIR. R. 42.2.

We take note that Cardona has two additional appeals pending-one from the resentencing resulting from the § 2255 proceeding and another from the denial of a § 2255 motion challenging the resentencing proceeding. We express no opinion on the merits of those appeals; we merely note that they are pending. Moreover, he proceeded to file his § 2241 petition after the district court admonished him that it lacked jurisdiction under any provision to review our opinions. Cardona is warned that future frivolous collateral challenges to his conviction or our opinion on direct appeal may result in sanctions against him.

\* Pursuant to 5TH CIR. R. 47.5, the court has

IFP DENIED. APPEAL DISMISSED. SANCTION WARNING ISSUED.