# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2013

Lyle W. Cayce
Clerk

No. 12-50664
Summary Calendar

JOSE CRISTOBAL CARDONA,

Plaintiff-Appellant

v.

BLANCA S. BRIONES; WILLIAM G PUTNICKI; BENJAMIN D. SEAL; JOHNNY SUTTON; SAMUEL FRED BIERY; WALTER S. SMITH, JR.; ALIA MOSES; SOFIA RAMIREZ; JOSE CONTRERAS; ROBERT CADENA; U.S. MARSHALL ARTHUR THOMAS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-781

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Cristobal Cardona, federal prisoner # 40869-080, appeals from the dismissal of his action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Cardona challenged the actions of judges of the district court, judicial employees, federal prosecutors, and a federal marshal in numerous cases, including his own criminal case and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his 28 U.S.C. § 2255 proceeding. Cardona also appeals from the denial of various postjudgment motions following the dismissal of his action. The defendants move for dismissal of the appeal, striking of the brief, summary affirmance or, in the alternative, for an extension of time to file a brief. The defendants' motion is denied.

First, Cardona contends that the district court erred and violated his constitutional right to the waiver of filing fees by denying him leave to proceed in forma pauperis (IFP) on appeal. He is barred from proceeding IFP. *See Cardona v. Tuite,* 258 F. App'x 643, 644 (5th Cir. 2007).

Second, Cardona contends that the district judge erred by failing to recuse himself. He has identified no basis for recusal. *See Liteky v. United States,* 510 U.S. 540, 556 (1994).

Third, Cardona argues that the district court abused its discretion by denying his motion for relief from a void judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. The proper vehicle for a Rule 60(b)(4) challenge as to the dismissal of Cardona's previous action as void is a Rule 60(b)(4) motion in that action itself. *See* Rule 60(b); *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77-78 (5th Cir. 1970). Cardona cannot demonstrate any harm arising from the district court's order striking his Rule 60(b)(4) motion or his second motion for recusal. *See* FED. R. CIV. P. 61.

Fourth, Cardona contends that the district court erred by dismissing his complaint pursuant to 28 U.S.C. § 1915A. However, Cardona failed to brief whether the district court erred by finding that he lacks standing to raise the rights of Jesse Ramirez, Victor Esquivel, or Javier Guerrero. He has abandoned that dispositive issue for appeal. *See In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n.6 (5th Cir. 1982). The action is otherwise barred by immunity, *see Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Boyd v. Biggers,* 31 F.3d 279, 285 (5th Cir. 1994), and by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *See Stephenson v. Reno,* 28 F.3d 26, 27-28 (5th Cir. 1994).

Fifth, Cardona contends that the district court erred by failing to allow him to amend his complaint to repair a deficient claim and without holding a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985). Any amendment of the complaint would have been futile, *see Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872-73 (5th Cir. 2000), and there was no need to develop Cardona's claims, *cf. Spears,* 766 F.2d at 181-82 (holding that a hearing or questionnaire may be used to flesh out a plaintiff's claims).

The appeal is without arguable merit and is frivolous. *See Howard v. King,* 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is dismissed. *See* 5TH CIR. R. 42.2.

Cardona achieved three-strike status for purposes of 28 U.S.C. § 1915(g) in 2007. *Cardona,* 258 F. App'x at 644. We warned him in 2010 "that future frivolous collateral challenges to his conviction or our opinion on direct appeal may result in sanctions against him." *Cardona v. Beeman,* 382 F. App'x 376, 378 (5th Cir. 2010). Yet some of the claims in the *Bivens* action implicated the validity of his conviction. Moreover, Cardona makes conclusional, unsupported allegations of conspiracy and corruption against numerous district court judges. Also, Cardona is a prolific litigator. *See, e.g., Cardona,* 382 F. App'x at 376-78 (challenging this court's decision on direct appeal through a habeas corpus petition under 28 U.S.C. § 2241); *Cardona,* 258 F. App'x at 643 (challenging order of prison guard to wear a baseball hat with the bill facing the front); *Cardona v. Menifee,* No. 07-30483, 2007 WL 4371736, *1 (5th Cir. Dec. 11, 2007) (unpublished) (challenging the dismissal of a *Bivens* action based on his attempt to litigate as the next friend of other prisoners); *United States v. Cardona,* No. 11-50683, 1-2 (5th Cir. Sept. 11, 2012) (unpublished order) (denying a COA and IFP status to challenge district court's sanction order); *United States v. Cardona,* Nos. 11-50562 & 11-50683, 1-4 (5th Cir. Feb. 16, 2012) (unpublished order) (denying a COA and leave to proceed IFP as to one § 2255 motion seeking reconsideration in a series of postjudgment motions; granting COA and IFP in

part as to one postjudgment motion for a limited remand to provide Cardona with notice that sanctions were possible). He has been undeterred by the federal three-strike sanction of § 1915(g), and he initially filed the current action in state court.

Therefore, IT IS ORDERED that Cardona is fined $1,000, payable to the clerk of this court. IT IS FURTHER ORDERED that, until that fine is paid, the clerk of this court and the clerks of the courts subject to the jurisdiction of this court shall not accept any pro se civil appeals or initial civil pleadings from Cardona without the advance written permission of a judge of the forum court. Cardona remains subject to the sanction bar of § 1915(g). Finally, Cardona should move to withdraw any pending matters that are frivolous.

APPEAL DISMISSED. MOTION DENIED. SANCTION IMPOSED.