# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2021

Lyle W. Cayce
Clerk

No. 20-20498
Summary Calendar

Kenneth Spence,

*Plaintiff—Appellant*,

*versus*

Hilary Harrison-Dunn; Ruth Bailey; Shana Moss,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1660

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kenneth Spence, as a pretrial detainee, filed a 42 U.S.C. § 1983 complaint that was dismissed by the district court as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The court also denied a subsequent Federal Rule of Civil Procedure 59(e) motion. His appeal from that judgment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

was dismissed for want of prosecution for failure to pay the filing fee. Spence then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The district court denied the motion, and Spence now appeals.

Spence argues that the district court's underlying judgment was void because he had been adjudicated incompetent to stand trial at the time he filed the instant complaint. He asserts that, therefore, the district court erred in denying his in forma pauperis (IFP) motion and dismissing the complaint without first appointing someone to protect his interests as set forth in Federal Rule of Civil Procedure 17(c).

Pursuant to Rule 60(b)(4), a district court may grant relief from a final judgment based on enumerated grounds, including a void judgment. FED. R. CIV. P. 60(b)(4). Only lack of jurisdiction or a due process violation that deprives a party of notice or the opportunity to be heard will render a district court judgment void. *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017). The denial of a Rule 60(b)(4) motion is reviewed de novo. *Jackson v. FIE Corp.*, 302 F.3d 515, 521-22 (5th Cir. 2002).

An incompetent person, for purposes of Rule 17(c), is a "person without the capacity to litigate under the law of his state of domicile." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990). "In Texas, the standard is whether individuals, by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in the litigation." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (internal quotation marks and citation omitted).

Although Spence had been found incompetent to stand trial in his criminal proceedings, he was not necessarily incompetent for purpose of Rule

No. 20-20498

17. *See id.* Further, the record evidence does not establish that he was incompetent under Rule 17. *See id.* at 271-72.

Regarding his due process claim, Spence concedes that he received notice of the court's orders in accordance with due process and argues only, without foundation, he was not allowed to present objections because of his mental illness. Additionally, the dismissal of Spence's complaint was without prejudice, and Spence was advised that he could move to reinstate the case after paying the filing fee. Thus, the record does not support his claim that he was deprived of the opportunity to be heard. Accordingly, Spence did not establish a jurisdictional or due process violation that rendered the judgment void, and the district court did not err in denying the motion. *See Norris*, 869 F.3d at 366.

Moreover, regardless whether Spence was incompetent and had the capacity to file the complaint, he abandons any challenge to the finding that he was prohibited from doing so pursuant to the § 1915(g) bar. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the judgment of the district court is AFFIRMED.

Spence is REMINDED that, because he has accumulated at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. He is also WARNED that, regardless of the § 1915(g) bar, any frivolous, repetitive, or otherwise abusive filings that he files will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.